UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCUS JAMES, SR.,

    Petitioner,

v.                                        Case No. 8:12-cv-1363-T-23MAP

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

**THIS CAUSE** comes before the Court on a *pro se* Petition for Writ of Habeas Corpus (Dkt. 1) filed pursuant to 28 U.S.C. § 2254 by Petitioner Marcus James, Sr. ("Petitioner"), a Florida prisoner, the Response of Respondent Secretary, Florida Department of Corrections (Dkt. 5), which is accompanied by the appendix record of the state court proceedings (Dkt. 7), and a Reply to the Response filed by Petitioner (Dkt. 9).

## **PROCEDURAL HISTORY**

On October 21, 2005, in the Thirteenth Judicial Circuit Court in Hillsborough County, Florida, Petitioner was charged with aggravated assault with a deadly weapon. (Ex. 1)[1] On October 25, 2005, Petitioner was charged with one count of

---

[1] The exhibits cited throughout this order are located in the appendix record of the state court proceedings (Dkt. 7).

felon in possession of a firearm in a separate case. (Ex. 4) Petitioner entered into a plea agreement on both cases, agreeing to serve six months community control followed by 36 months of probation. (Ex. 2 and Ex.5) The trial court sentenced petitioner consistent with the plea agreement. (Ex. 3, Ex. 6, and Ex. 7)

On May 23, 2006, an affidavit of violation of community control was filed against Petitioner because he violated his curfew. (Ex. 8) Petitioner admitted the violation, and the trial court modified his community control by placing him in jail for three days and continuing him on supervision with the same terms and conditions. (Ex. 2, p. 4) On June 13, 2006, an affidavit of violation of community control was filed because Petitioner possessed marijuana, would not allow the probation officer to walk through Petitioner's home, and refused to submit to a urine test. (Ex. 10) A community control violation hearing was held on July 6, 2006. (Ex. 11) Two probation officers and Petitioner testified at the hearing. (Ex. 11, pp. 5, 19, 26) Petitioner received five years in prison on the aggravated assault charge and a concurrent fifteen years in prison on the felon in possession charge. (Ex. 11, p. 32; Ex. 12; Ex. 13, pp. 5-6; Ex. 14, pp. 5-6)

Petitioner appealed his judgment of conviction and sentence, challenging only whether the trial court properly revoked his community control. (Ex. 16) The State filed an answer brief. (Ex. 17) The Second District Court of Appeal affirmed *per curiam* without a written opinion on April 11, 2007. (Ex. 18) The mandate was issued on May 2, 2007. (*Id.*)

On March 7, 2008, petitioner filed a *pro se* motion for post-conviction relief under Rule 3.850, Florida Rule of Criminal Procedure (Ex. 19), in which he raised three related claims of ineffective assistance of counsel: 1) failure to obtain Pamela Wiggins as an exculpatory witness at the community control revocation hearing; 2) failure to request a continuance to ensure Ms. Wiggins could attend the revocation hearing; and 3) cumulative error. (Ex. 19, pp. 3-6) A hearing was held on the ineffective assistance of counsel claims. His prior defense counsel Kenneth Richardson and witness Pamela Wiggins testified. (Ex. 23, pp. 9, 17, 33, 42) The court entered a final order denying the Rule 3.850 motion on January 21, 2011. (Ex. 24)

On appeal, Petitioner focused on his counsel's failure to address the State's lack of proof that he possessed marijuana. (Ex. 26) In response the State explained that the trial court found that defense counsel was credible and that Petitioner was not. (Ex. 27) The Second District Court of Appeal affirmed *per curiam* without a written opinion on January 27, 2012. (Ex. 28)

Petitioner timely submits his Section 2254 petition, in which the claims are identical to those raised before the trial court in his Rule 3.850 motion for post-conviction relief: (1) ineffective assistance of trial counsel for failing to have witness Pamela Wiggins testify at the community control revocation hearing; (2) ineffective assistance of trial counsel for not filing a motion to continue; and (3) cumulative error of ineffective assistance of counsel.

3

## **THE AEDPA STANDARD OF REVIEW**

The instant federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24,1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Section 104 of the AEDPA amended 28 U.S.C. § 2254 by adding the following provision:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254, as amended by the AEDPA, establishes a highly deferential standard for reviewing state court judgments. *Parker v. Secretary, Dep't of Corr.*, 331 F.3d 764 (11th Cir. 2003) (*citing Robinson v. Moore*, 300 F.3d 1320, 1342 (11th Cir. 2002)). Petitioner filed his petition for writ of habeas corpus after the enactment of the AEDPA and, thus, Section 104 applies to his petition.

Review under Section 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This language

4

requires an examination of the state court decision as of the time of the decision. It follows that the record under review is limited to the record in existence at that same time, *i.e.*, the record before the state court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1401 (2011). In addition, section 2254(e)(1) "provides for a highly deferential standard of review for factual determinations made by a state court." *Robinson*, 300 F.3d at 1342. The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1). It is clear that the petition, when measured against the AEDPA standard, is due to be denied.

## STANDARD OF REVIEW FOR INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

A petitioner claiming ineffective assistance of counsel must meet the two-part standard for counsel's performance established by *Strickland v. Washington*, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, the petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. Deficient performance is performance that is objectively unreasonable under prevailing professional norms. *Id.* at 688. Sound tactical decisions within a range of reasonable professional competence are not vulnerable to collateral attack. *See, e.g., Weber v. Israel*, 730 F.2d 499, 508 (7th Cir.) (finding that choosing a defense is a matter of trial strategy), *cert. denied*, 469 U.S. 850 (1984); *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980), *cert. denied*, 450 U.S. 934 (1981).

5

Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between. *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). Petitioner's claims fail under the *Strickland* standard.

## **DISCUSSION**

After conducting an evidentiary hearing, the trial court rejected Petitioner's instant ineffective assistance of counsel claims, finding as follows:

> In grounds one and two of his Motion, Defendant alleges ineffective assistance of counsel for failure to secure the testimony of an exculpatory witness, Pamela Wiggins, for Defendant's violation of probation (VOP) hearing. Specifically, Defendant contends that Wiggins was available to testify and would have testified that she and Defendant had been having intimate relations at the time the officers arrived at his residence and that this was the reason for their delayed entry and that Defendant had not refused the officers access to search the home, but rather, had only stated that Wiggins was the owner of the residence and wanted to consult with an attorney first about the permissibility of such a search. This testimony was necessary, Defendant contends, as it would have been the testimony of a credible witness corroborating Defendant's testimony and demonstrating that Defendant did not refuse the officers access to search the home. Defendant contends further that, once it became apparent that Wiggins was not present at the VOP hearing, counsel was deficient for failing to request a continuance to secure her necessary testimony for the hearing. Had counsel secured Wiggins as a witness at Defendant's VOP hearing and called her to testify, Defendant contends, the outcome of that proceeding would have been different.
>
> The Court notes that, for a defendant to warrant relief on a claim of ineffective assistance of counsel based on counsel's representation of defendant at a VOP hearing, the defendant must demonstrate a

6

reasonable likelihood that the outcome of his VOP hearing would have been different but for counsel's alleged deficiency.  Where there is not a reasonable probability that the alleged deficiency would have affected the outcome of the VOP hearing, the allegation must be denied.  *See, e.g., Flowers v. State*, 947 So. 2d 639 (Fla. 4th DCA 2007) (affirming the denial of a 3.850 allegation where the alleged deficiency – that counsel failed to correct the affidavit of VOP to reflect that two felony offenses had been reduced to misdemeanors – did not affect the outcome of the VOP hearing and thus there was no prejudice to Defendant).  The Court notes additionally that, at a VOP hearing, "[p]robation can be revoked only on the basis of a willful and substantial violation, which must be shown by the greater weight of the evidence." *Gilbert v. State*, 913 So. 2d 84, 87 (Fla. 2d DCA 2005) (*citing Butler v. State*, 775 So. 2d 320, 321 (Fla. 2d DCA 2000).  If a defendant violates even one condition, probation may be properly revoked. *See Riggins v. State*, 830 So. 2d 920, 921 (Fla. 4th DCA 2002).

A review of the record reflects that Defendant was alleged to have violated conditions seven and nine of his community control by being in possession of a controlled substance, to wit:  marijuana, as shown by his admittance of such to probation officers (condition seven) and by Defendant's failure to comply with the instructions of the probation officer by not allowing the officer to conduct a lawful walk-through and search of the residence (count nine) and by refusing to submit to urine testing (condition nine).  (*See* Affidavit of Violation of Community Control, attached).  At Defendant's VOP hearing, two probation officers testified that, on June 10, 2006, Defendant admitted to having used marijuana while on community control; that Defendant would not let the officers conduct their walk-through of the residence; and that Defendant refused to submit to urinalysis.  (*See* Revocation Hearing Transcript, pp. 5-25, attached.)  After hearing this testimony, as well as Defendant's testimony that he had not admitted to using marijuana and that he told the officers not to walk through the house because it belonged to his fiancee and because they did not have a search warrant, the court found Defendant to have substantially and willfully violated conditions seven and nine of his community control.  (*See* Revocation Hearing Transcript, pp. 5-32, attached.)

At the evidentiary hearing, Defendant's prior counsel testified that, although he knew about Wiggins, Defendant never expressed to counsel his belief that she was a necessary witness or that he

7

wanted her called to testify. (*See* Evidentiary Hearing Transcript, pp. 43-50, attached.) Moreover, counsel explained that, at most, Wiggins' testimony would have been about the condition nine violation, but would have done nothing to address the violation of condition seven – the marijuana-use violation that two probation officers said Defendant admitted – which was the alleged violation with which he and Defendant were most concerned. Also at the evidentiary hearing, Wiggins testified about the evening of June 10, 2006, and stated that she and Defendant were having intimate relations when the probation officer arrived and that they had told the officers that this was Wiggins' home and that she wanted to contact an attorney before allowing them to search the home. (*See* Evidentiary Hearing Transcript, pp. 19-23, attached.) She also testified that she never heard Defendant admit marijuana use to the probation officers, and stated that Defendant did not have marijuana in the house nor had she seen him use such while on community control. (*See* Evidentiary Hearing Transcript, p. 28, attached.) Wiggins testified further that the testimony she provided at this August 26, 2010, evidentiary hearing was the same as that which she would have provided had she been called to testify at the July 6, 2006, VOP hearing. (*See* Evidentiary Hearing Transcript, pp. 31-32, attached.)

This Court finds that, in reviewing the testimony Wiggins states she could have provided had she been called to testify at Defendant's VOP hearing, when reviewed in context with the other evidence against Defendant at the VOP hearing, Wiggins' testimony would not have affected the outcome of that hearing. As to the marijuana-use violation (condition seven), two officers testified at the VOP hearing that Defendant had admitted that day to using marijuana while on community control. By her own testimony, Wiggins stated that she was not present for and did not hear parts of the conversations between Defendant and the probation officers during which this admission could have occurred. As such, this Court finds that, even with Wiggins' testimony, the greater weight of the evidence would have still demonstrated that Defendant was in willful and substantial violation of condition seven. Second, as to the refusal to allow the officers to search the home (condition nine), this Court does not find there to be a reasonable probability that the inclusion of Wiggins' testimony, when taken in context with the other evidence at the VOP hearing, would have affected the trial court's finding that the greater weight of the evidence supported that Defendant willfully and substantially violated condition nine.

> This Court is satisfied that, even with the introduction of Wiggins' testimony at Defendant's VOP hearing, the trial court would have found the greater weight of the evidence supported that Defendant willfully and substantially violated his probation, making revocation of such proper. As such, the Court finds that Defendant cannot demonstrate prejudice as a result of counsel's alleged deficiency, as there is not a reasonable probability that the outcome of Defendant's VOP hearing would have been different but for counsel's alleged deficiency. Consequently, Defendant warrants no relief on his allegations, and grounds one and two of his Motion for Post-Conviction Relief must be denied.
>
> In ground three, Defendant alleges cumulative error. As this Court has found that Defendant warrants no relief on his individual allegations of ineffective assistance of counsel, so to must his cumulative error allegation be denied. *See Bryan v. State*, 748 So. 2d 1003, 1008 (Fla. 1999) (explaining that, "where allegations of individual error are found without merit, a cumulative-error argument based thereon must also fail"). As such, Defendant warrants no relief on this allegation, and ground three of his Motion for Post-Conviction Relief must be denied.

(Ex. 24, pp.1-5.)

The state court adjudication of the merits of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Petitioner faulted counsel for not investigating Ms. Wiggins. Counsel's tactical decision not to investigate this evidence was within his authority and discretion. Petitioner contends that he told defense counsel that Ms. Wiggins would be an excellent witness for him whereas counsel testified that while he knew of Ms. Wiggins, he never knew she could be a potential witness or provide testimony helpful to the defense. The trial court found that defense counsel's testimony was credible.

Even assuming Petitioner could have presented Ms. Wiggins at his revocation hearing, he fails to demonstrate how the evidence would have assisted his defense. The record shows that the trial court weighed all of the evidence from the evidentiary hearing and ultimately determined that community control would still have been revoked on this count. Petitioner's claim is based solely on speculation and that is insufficient to demonstrate actual prejudice. *See Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir. 1985) (holding that speculation is insufficient to carry burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation). If counsel was not ineffective for failing to call Ms. Wiggins, he likewise cannot be found ineffective for failing to request a continuance to secure Ms. Wiggins' testimony, as Petitioner urges in his second claim for relief. The state record shows that his trial counsel capably elicited on cross-examination of the probation officer witnesses that were present at the hearing. Petitioner also took the stand in his own defense. He fails to demonstrate that Ms. Wiggins' testimony would have materially undercut the case against him or supported his defense. Furthermore, Petitioner was revoked on two counts of his community control. As to the marijuana count, on which Ms. Wiggins would have provided little testimony, Petitioner refused to submit to a urinalysis and admitted to the officers that he had used marijuana. Therefore, there was sufficient evidence to revoke his community control on that count alone.

Petitioner's final claim raises a claim of cumulative impact of the omission of trial counsel asserted in his first two claims. There is, however, no Supreme Court authority recognizing "cumulative error" as a separate violation of the Constitution or as a separate ground for habeas relief. *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002) (holding that "the Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief"); *see also, Bryan v. State*, 748 So. 2d 1003, 1008 (Fla. 1999) (explaining that, "where allegations of individual error are found without merit, a cumulative-error argument based thereon must also fail"). Nevertheless, the state decision on the cumulative impact claim passes AEDPA muster under either of the *Strickland* prongs. Singularly or cumulatively, the allegations of proposed deficient conduct simply do not meet the *Strickland* standard.

Accordingly, the petition for the writ of habeas corpus is **DENIED**. The clerk must enter judgment for the respondent, terminate any pending motion, and close this case.

Additionally, the court declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court allow petitioner to proceed on appeal *in forma pauperis* because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Instead, he will be required to pay the full appellate filing fee under 28 U.S.C. §§ 1915(b)(1) and (2).

ORDERED in Tampa, Florida, on October 11, 2013.

									_____
									STEVEN D. MERRYDAY
									UNITED STATES DISTRICT JUDGE